18003.  GENERAL MOTORS ACCEPTANCE CORPORATION *v.*
HOLLOWAY.

PER CURIAM.  The answer of the defendant as finally amended set out
no legal defense whatever to the plaintiff's suit, and the court erred in
refusing to strike the answer on motion of the plaintiff.  That error
rendered the further proceedings in the case nugatory.

*Judgment reversed.  Broyles, C. J., and Luke, J., concur.  Bloodworth, J.,
dissents.*

DECIDED JUNE 15, 1927.

Complaint; from city court of Fort Gaines—Judge Turnipseed.
January 21, 1927.

L. M. Holloway bought from J. E. Martin a "Delco Light
Plant" under a conditional-sale contract in which the purchaser
promised to pay $586.74 as balance due on the purchase-price.
The contract was assigned by Martin to General Motors Accept-
ance Corporation, which sued Holloway thereon for the balance
stated.  The defendant filed an answer, which was amended, and
the plaintiff demurred to it and moved to strike it on the ground
that no legal defense was set forth therein, and that the suit was
based on a promissory note which, as appeared from the petition,
was received by the plaintiff in due course before maturity and
for value.  The court overruled the demurrer, and the trial re-
sulted in a verdict for the plaintiff in an amount less than that
sued for.  The plaintiff's motion for a new trial was overruled,
and it excepted to that judgment, as well as to the overruling of
its demurrer to the answer.  In the original answer the defend-
ant denied the paragraph of the petition as to the execution of
the contract and the indebtedness due thereon, and alleged that
he bought from the plaintiff a certain Delco lighting system com-
plete, with all attachments and equipment, delivered at Coleman,
Georgia, but that it came with the freight charges attached; that
the defendant immediately called the plaintiff's attention to this
fact, and the plaintiff instructed him to pay the freight and de-
duct it from the purchase-price; that he paid the freight charges,
amounting to $46.39, and the plaintiff afterwards refused to al-
low them on the purchase-price.  It was further alleged that when
the defendant went to install the plant he found that the attach-
ments and equipment which went with it were lacking, and he

Sales, 35 Cyc. p. 555, n. 77, 79.

immediately called the plaintiff's attention to this, and the plaintiff instructed him to buy the necessary attachments, and agreed to allow a deduction on the contract price for the equipment which the defendant had to buy in order to install the plant, amounting to $52.39; that a set of extra fixtures which were a part of the equipment of the plant and which were not furnished by the plaintiff were of the value of $35; and that the defendant "was ready and willing to pay said contract note when due if the plaintiff had allowed the deductions above set out, and is still willing and ready to pay it if the said deductions were allowed."

In the first amendment to the answer it was alleged, in substance, that on the date of the contract in this case J. E. Martin and one Reeves were agents for the plaintiff, and Reeves came to the defendant's home, seventeen miles from the headquarters of the agency maintained by the plaintiff, and represented to the defendant that he and Martin were the plaintiff's agents and that they would put in for the defendant a complete Delco light plant and water system for $586.74. Defendant was unacquainted with said system and knew nothing about electricity or the water system, being only a farmer, and had to rely and did rely upon the representations of Reeves as to what it would do. Various representations are set out, which it was alleged Reeves guaranteed, and said were guaranteed in the printed contract which he would sign, "by the Consolidated Motors Company." It was alleged that Reeves hurried the defendant, told him he was obliged to catch a train which would soon be due, and when defendant requested that he be allowed to read the contract Reeves stated that he did not have time to wait for him to read it, that what he had stated was in the written contract, that the price of the system was going up, and that unless the defendant ordered then he could not get one at the same price; whereupon the defendant, believing what he said, signed the paper presented and gave him a note for $100 as the cash payment, and Reeves "immediately rushed;" that Reeves promised to send him a copy of the contract, but he never received it, and did not know of the contrary provision in it until he was sued on it. It was alleged that the system installed was defective in particulars stated, that it would not generate the current that it was guaranteed to generate, that the defects were latent, and, although the defendant had various mechanics work upon it,

the defects were not corrected and the plant was useless to him; that it was not worth more than $100 as it stood (the contract price was $755.34) ; that the plaintiff quit making that kind of system, on account of its being unsatisfactory, and the defendant could not get parts or repairs for the machinery. It was alleged that the representations made by said agent to defendant in order to sell the said outfit were false and fraudulent, and deceived and defrauded him, and he was induced thereby to sign the said paper. It was further alleged that the plaintiff was the real seller of the machinery, and that the paper was made payable to Martin and later transferred by him to the plaintiff as a part of a scheme to make it appear that the plaintiff was an innocent purchaser of the paper; so that a worthless light system might be sold to the defendant and he would be prevented from setting up his defense against a suit for the price; and that the paper sued on therefore is not the contract of the defendant. It was alleged that the air-compressor on the pump, which was valued at $200, was absolutely worthless and would not operate, and that the defendant offered to return it, but the plaintiff refused to accept it back. . "Wherefore defendant prays judgment for said $46.39 and $52.39 so paid, and that the $100 be allowed plaintiff as the full value of said machinery, or that he stands ready to return said outfit to plaintiff and ask a judgment for his $100 paid and $46.39 and $52.39, and that he have judgment against plaintiff." In an additional amendment it was stated that the contract showed no express warranty, and therefore the defendant pleaded an implied warranty as to the lighting outfit and pump; and it was further alleged that the agency of Martin was in the nature of a del credere agency, and, although the note was made to him as principal, he was selling for a commission and was agent. It was alleged that the defendant could neither read nor write, except his name, and had to rely on the representations of Martin and Reeves and did rely on them.

*P. C. King, Lowrey Stone,* for plaintiff in error.

*E. R. King, A. L. Miller,* contra.